UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CRIM.   919

---

UNITED STATES OF AMERICA

- v. -

OTONIEL RICARDO CABARCAS AVENDANO,
     a/k/a "Oto,"
EDUARDO UEJBE JARAMILLO,
     a/k/a "Condor,"
DIEGO EGIDIO PINZON GOMEZ,
RAMEL ANTONIO MARRUGO CASTRO, and
JORGE ARTURO SOSA ARGOTE,

            Defendants.

SEALED
INDICTMENT

07 Cr. _____

[Stamp: USDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 10/01/07]

[Stamp: JUDGE KOELTL]

### COUNT ONE

The Grand Jury charges:

1.   From in or about 2002 up to and including the present, in the Southern District of New York and elsewhere, OTONIEL RICARDO CABARCAS AVENDANO, a/k/a "Oto," EDUARDO UEJBE JARAMILLO, a/k/a "Condor," and DIEGO EGIDIO PINZON GOMEZ, the defendants, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the maritime drug enforcement laws of the United States.

2.   It was a part and an object of said conspiracy that OTONIEL RICARDO CABARCAS AVENDANO, a/k/a "Oto," EDUARDO UEJBE JARAMILLO, and DIEGO EGIDIO PINZON GOMEZ, the defendants, and others known and unknown, would and did distribute and

possess with intent to distribute a controlled substance, to wit, five kilograms and more of a substance containing a detectable amount of cocaine, while onboard a vessel subject to the jurisdiction of the United States, in violation of Sections 70503 and 70506 of Title 46, United States Code.

OVERT ACTS

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. In or about late 2002 or early 2003, EDUARDO UEJBE JARAMILLO, a/k/a "Condor," introduced a co-conspirator not named as a defendant herein ("CC-1") to a second co-conspirator not named as a defendant herein ("CC-2") so that CC-1 could verify information purchased by CC-2 regarding the locations of naval and law enforcement vessels of the Colombian and United States governments.

b. Throughout 2003 and 2004, CC-2 tasked CC-1 with verifying information purchased by CC-2 regarding the locations of law enforcement vessels of the Colombian and United States governments.

c. Throughout 2003 and 2004, CC-2 sent go-fast boats containing thousands of kilograms of cocaine from the north coast of Colombia.

d. In or about 2006, OTONIEL RICARDO CABARCAS

AVENDANO, a/k/a "Oto," EDUARDO UEJBE JARAMILLO, a/k/a "Condor" and DIEGO EGIDIO PINZON GOMEZ, the defendants, and others known and unknown, met for the purpose of selling charts containing the locations of law enforcement vessels of the Colombian and United States governments.

      e. In or about 2007, OTONIEL RICARDO CABARCAS AVENDANO, a/k/a "Oto," EDUARDO UEJBE JARAMILLO, a/k/a "Condor" and DIEGO EGIDIO PINZON GOMEZ, the defendants, and others known and unknown, met in Colombia for the purpose of selling charts containing the locations of law enforcement vessels of the Colombian and United States governments.

(Title 46, United States Code, Sections 70503 and 70506.)

### COUNT TWO

    4. From in or about 2002 up to and including the present, in the Southern District of New York and elsewhere, OTONIEL RICARDO CABARCAS AVENDANO, a/k/a "Oto," EDUARDO UEJBE JARAMILLO, a/k/a "Condor," and DIEGO EGIDIO PINZON GOMEZ, the defendants, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

    5. It was a part and an object of said conspiracy that OTONIEL RICARDO CABARCAS AVENDANO, a/k/a "Oto," EDUARDO UEJBE JARAMILLO, a/k/a "Condor," and DIEGO EGIDIO PINZON GOMEZ, the defendants, and others known and unknown, would and did

distribute a controlled substance, to wit, five kilograms and more of a substance containing a detectable amount of cocaine, intending and knowing that such substance would be imported into the United States from a place outside thereof, in violation of Sections 959, 960(a)(3) and 960(b)(1)(B) of Title 21, United States Code.

6. It was a further part and an object of said conspiracy that OTONIEL RICARDO CABARCAS AVENDANO, a/k/a "Oto," EDUARDO UEJBE JARAMILLO, a/k/a "Condor," and DIEGO EGIDIO PINZON GOMEZ, the defendants, and others known and unknown, would and did import into the United States from a place outside thereof five kilograms and more of a substance containing a detectable amount of cocaine, in violation of Sections 812, 952(a), and 960(b)(1)(B) of Title 21, United States Code.

OVERT ACTS

7. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. In or about late 2002 or early 2003, EDUARDO UEJBE JARAMILLO, a/k/a "Condor," introduced a co-conspirator not named as a defendant herein ("CC-1") to a second co-conspirator not named as a defendant herein ("CC-2") so that CC-1 could verify information purchased by CC-2 regarding the locations of

naval and law enforcement vessels of the Colombian and United States governments.

   b. Throughout 2003 and 2004, CC-2 tasked CC-1 with verifying information purchased by CC-2 regarding the locations of law enforcement vessels of the Colombian and United States governments.

   c. Throughout 2003 and 2004, CC-2 sent go-fast boats containing thousands of kilograms of cocaine from the north coast of Colombia.

   d. In or about 2006, OTONIEL RICARDO CABARCAS AVENDANO, a/k/a "Oto," EDUARDO UEJBE JARAMILLO, a/k/a "Condor" and DIEGO EGIDIO PINZON GOMEZ, the defendants, and others known and unknown, met for the purpose of selling charts containing the locations of law enforcement vessels of the Colombian and United States governments.

   e. In or about 2007, OTONIEL RICARDO CABARCAS AVENDANO, a/k/a "Oto," EDUARDO UEJBE JARAMILLO, a/k/a "Condor" and DIEGO EGIDIO PINZON GOMEZ, the defendants, and others known and unknown, met in Colombia for the purpose of selling charts containing the locations of law enforcement vessels of the Colombian and United States governments.

   (Title 21, United States Code, Section 963.)

## COUNT THREE

   The Grand Jury charges:

8. In or about 2007, in the Southern District of New York and elsewhere, DIEGO EGIDIO PINZON GOMEZ and RAMEL ANTONIO MARRUGO CASTRO, the defendants, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the maritime drug enforcement laws of the United States.

9. It was a part and an object of said conspiracy that DIEGO EGIDIO PINZON GOMEZ and RAMEL ANTONIO MARRUGO CASTRO, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, five kilograms and more of a substance containing a detectable amount of cocaine, while onboard a vessel subject to the jurisdiction of the United States, in violation of Sections 70503 and 70506 of Title 46, United States Code.

OVERT ACTS

10. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

    a. In or about 2007, DIEGO EGIDIO PINZON GOMEZ and RAMEL ANTONIO MARRUGO CASTRO, and others known and unknown, met in Colombia for the purpose of selling charts containing the locations of naval and law enforcement vessels of the Colombian and United States governments.

(Title 46, United States Code, Sections 70503 and 70506.)

**COUNT FOUR**

The Grand Jury charges:

11. In or about 2007, in the Southern District of New York and elsewhere, DIEGO EGIDIO PINZON GOMEZ and JORGE ARTURO SOSA ARGOTE, the defendants, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the maritime drug enforcement laws of the United States.

12. It was a part and an object of said conspiracy that DIEGO EGIDIO PINZON GOMEZ and JORGE ARTURO SOSA ARGOTE, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, five kilograms and more of a substance containing a detectable amount of cocaine, while onboard a vessel subject to the jurisdiction of the United States, in violation of Sections 70503 and 70506 of Title 46, United States Code.

OVERT ACTS

13. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

   a. In or about 2007, DIEGO EGIDIO PINZON GOMEZ and JORGE ARTURO SOSA ARGOTE, and others known and unknown, met in Colombia for the purpose of selling charts containing the locations of naval and law enforcement vessels of the Colombian

7

and United States governments.

(Title 46, United States Code, Sections 70503 and 70506.)

FORFEITURE ALLEGATION

14. As a result of committing one or more of the controlled substance offenses alleged in Counts One through Four of this Indictment, OTONIEL RICARDO CABARCAS AVENDANO, a/k/a "Oto," EDUARDO UEJBE JARAMILLO, a/k/a "Condor," DIEGO EGIDIO PINZON GOMEZ, RAMEL ANTONIO MARRUGO CASTRO, and JORGE ARTURO SOSA ARGOTE, the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853 and 881, 28 U.S.C. § 2461, and 46 U.S.C. § 70507, any and all property constituting and derived from any proceeds that the said defendants obtained directly and indirectly as a result of the said violation and any and all property used and intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Counts One through Four of this Indictment including, but not limited to, the following: a sum of money equal to approximately $50 million in United States Currency, representing the amount of proceeds obtained as a result of the offenses for which the defendants are liable.

Substitute Assets Provision

15. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the

8

defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461, to seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

(Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461.)

_____       _____
FOREPERSON                                      MICHAEL J. GARCIA
                                                               United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

OTONIEL RICARDO CABARCAS AVENDANO,
a/k/a "Oto,"
EDUARDO UEJBE JARAMILLO,
a/k/a "Condor,"
DIEGO EGIDIO PINZON GOMEZ,
RAMEL ANTONIO MARRUGO CASTRO, and
JORGE ARTURO SOSA ARGOTE,

Defendants.

---

**SEALED**
**INDICTMENT**

07 Cr.

(Title 46, United States Code,
Sections 70503 and 70506, and Title 21,
United States Code, Section 963.)

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

_____
Foreperson.

---